J-S04008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN MOHN | : | |
| | : | |
| Appellant | : | No. 1868 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 11, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004256-2024

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED MARCH 2, 2026**

Justin Mohn appeals from the judgment of sentence, entered in the Court of Common Pleas of Bucks County, following his convictions of one count each of first-degree murder,[1] second-degree murder,[2] firearms not to be carried without a license,[3] criminal use of a communication facility,[4]

---

[1] 18 Pa.C.S.A. § 2502(a).

[2] *Id.* at § 2502(b).

[3] *Id.* at § 6106(a)(1).

[4] *Id.* at § 7512(a).

possession of a weapon,[5] terroristic threats,[6] abuse of a corpse,[7] defiant trespass,[8] and two counts each of terrorism[9] and possession of instrument of crime.[10]  After careful review, we conclude that Mohn has waived his claims and we affirm.

In light of our disposition, we provide only a brief summary of the facts.[11]  On January 30, 2024, Mohn shot his father, Michael Mohn, in the head in the bathroom of their home located at 145 Upper Orchard Drive in Bucks County.  After murdering his father, Mohn decapitated Michael's corpse.  Mohn then filmed and posted a YouTube video with Michael's head.  Shortly thereafter, Mohn broke into Fort Indiantown Gap with the intent to take control of the National Guard stationed there.  Mohn was arrested and charged with the above-mentioned offenses.[12]

---

[5] *Id.* at § 907(b).

[6] *Id.* at § 2706(a)(1).

[7] *Id.* at § 5510.

[8] *Id.* at § 3503(b)(1)(iii).

[9] *Id.* at §§ 2717(a)(2), (3).

[10] *Id.* at § 907(a).

[11] We observe that almost all of the facts in this case were admitted via stipulation between the parties.  The trial court provides a more thorough recitation of the facts in this case.  *See* Trial Court Opinion, 9/11/25, at 1-22.

[12] During the investigation, the Commonwealth discovered multiple letters, online posts, and a USB drive that all contained varying forms of Mohn's
*(Footnote Continued Next Page)*

On July 11, 2025, Mohn proceeded to a non-jury trial and the trial court convicted him of the above-mentioned offenses. Mohn waived his right to a pre-sentence investigation report and proceeded immediately to sentencing. The trial court sentenced Mohn to an aggregate term of incarceration of life without the possibility of parole.[13]

Mohn filed a timely post-sentence motion in which he, *inter alia*,[14] made a motion for judgment of acquittal based upon a challenge to the weight of the evidence. The trial court denied Mohn's motion for judgment of acquittal.

Mohn filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Mohn now raises the following claim on appeal:

> 1. Did the trial court commit an error of law by denying [Mohn]'s motion for judgment of acquittal in this matter because the conviction was against the manifest weight of the evidence? To wit:
>
> a. The Commonwealth failed to present evidence such that a reasonable fact-finder could determine that [] Mohn was guilty beyond a reasonable doubt.

---

displeasure with, or outright hatred of, the federal government. Mohn's USB, which was on his person when he was arrested, included a list of then-current and former federal employees he wanted to murder. *See id.* at 12, 14-19 (detailing letters, USB contents, social media postings).

[13] The trial court imposed all of Mohn's sentences concurrently to his first-degree murder sentence.

[14] Mohn also requested that he be permitted to proceed *in forma pauperis* and requested the preparation of transcripts in anticipation of appeal. *See* Trial Court Opinion, 9/11/25, at 24 (summarizing Mohn's post-sentence motion).

b. [Mohn] produced evidence and argument that the killing in this case was justified and therefore lawful under the circumstances. Pursuant to this evidence and argument, no reasonable fact-finder could have determined that [] Mohn was guilty beyond a reasonable doubt.

Brief for Appellant, at 7 (unnecessary capitalization omitted).

Mohn purports to challenge the weight of evidence. *See id.* at 7, 13-20. However, throughout his brief, he consistently and continuously conflates his weight challenge with sufficiency challenges. *See Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (explaining differences between sufficiency and weight challenges). Indeed, in the argument section of his brief, Mohn titles the only analysis as "Sufficiency of the Evidence," in which he relies upon his own testimony and other defense evidence. *See* Brief for Appellant, at 13-20. Further, Mohn does not include any analysis for his weight claim and, instead, addresses the sufficiency of the Commonwealth's evidence. *See id.* Nevertheless, Mohn requests a new trial, which is not the proper remedy for a sufficiency challenge. *See id.* at 13-20. Therefore, we conclude that Mohn has conflated sufficiency and weight in violation of our case law and, thus, his claims are waived. *See Widmer*, *supra*; *see also Commonwealth v. Sexton*, 222 A.3d 405, 416 (Pa. Super. 2019) (appellant waived challenges where appellant's brief conflated weight and sufficiency

claims and did not otherwise develop weight claim). Accordingly, Mohn's claims are waived.[15]

Judgment of sentence affirmed.

Neuman, J., Joins this Memorandum.

Stabile, J., Concurs in the Result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/2/2026

---

[15] Furthermore, we are aware that Mohn has not properly preserved a sufficiency challenge in his Rule 1925(b) statement, in which he did not specify which offenses and elements of those offenses he was contesting and, instead, as highlighted **supra**, challenged the weight of the evidence. **See** Concise Statement of Errors Complained of on Appeal, 7/25/25, at 1 (raising weight claim). Thus, to the extent that Mohn intended to raise a sufficiency claim, it would be waived on this basis as well.